UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DERRICK ASHER JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:13-CV-619 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Derrick Asher Johnson, a *pro se* prisoner, filed a habeas petition under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, on April 16, 2013, Mr. Johnson was found guilty of assaulting a staff member at Westville Correctional Facility. (DE 1 at 1.) In his petition, he raises one claim: that the prison failed to come forward with more than "some evidence" to prove him guilty of the offense. (*Id.* at 4-5.) In his view, the applicable burden of proof is that of a civil forfeiture proceeding, preponderance of the evidence. (*Id.* at 5.) He acknowledges that he did not raise this claim at all levels of the administrative appeals process. (*Id.* at 6.)

Upon review, Mr. Johnson fails to allege a cognizable due process claim. He argues incorrectly that the prison had to establish his guilt by a preponderance of the evidence; in the prison disciplinary context, all that is needed to satisfy due process is "some evidence" to support the disciplinary decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). Mr. Johnson does not argue that the some evidence standard was not met, only that the prison failed to

satisfy the higher burden he believes was applicable. As stated, this argument has no merit in light of *Hill*.

Furthermore, even if Mr. Johnson alleged a cognizable due process claim, principles of exhaustion that apply to federal review of criminal convictions also apply to review of prison disciplinary proceedings. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markam v. Clark*, 978 F.2d 993, 994-95 (7th Cir. 1992). Before seeking federal habeas relief, a prisoner must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads*, 280 F.3d at 729. An inmate's failure to properly exhaust his claims in the state administrative process precludes a federal court from reviewing those claims on the merits. *Id.*; *see also Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) (Indiana prisoner must raise his claim at all levels of administrative review, including with the final reviewing authority).

Here, Mr. Johnson acknowledges that he did not raise his claim with the final reviewing authority. (DE 1 at 6.) In essence, he states he did not do so because he did not expect the final reviewing authority to rule against him in his appeal. (*Id.*) Mr. Johnson's subjective belief that there was no need to raise the claim does not constitute the type of "external impediment" that would excuse a procedural default. *See Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). Accordingly, his claim could not be reached on the merits in any event.

For these reasons, the petition (DE 1) is DISMISSED pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

SO ORDERED.

ENTERED: June 28, 2013        s/William C. Lee
                              William C. Lee, Judge
                              United States District Court